UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT L. HARRIS,                )
                                 )
            Petitioner,          )
                                 )
        vs.                      )   CAUSE NO. 3:15-CV-504-PPS
                                 )
SHERIFF,                         )
                                 )
            Respondent.          )

## OPINION AND ORDER

Robert L. Harris, a *pro se* prisoner, filed a habeas petition attempting to challenge a pending State criminal proceeding in the St. Joseph Superior Court under cause number 71D03-1503-F6-167. Because he has not yet been convicted, he is attempting to avoid being prosecuted. "Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Circuit Court of Milwaukee County*, 675 F.2d 946, 947 (7th Cir. 1982). This is one of those ordinary cases. Though the Seventh Circuit in *Stevens* provided for a narrow exception to entertain some double jeopardy claims, this case does not present a double jeopardy claim. Here, Harris argues that he is innocent because he is not the person that authorities were looking for. This is a question to be resolved in the first instance by the State trial court – not this Court. Thus, to the extent that Harris believes that he has a viable defense to the charges against him or that his case is not being properly adjudicated, he needs to first present those claims to the State courts – at trial, on appeal, and ultimately to the Indiana Supreme Court. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Therefore this petition will be dismissed without prejudice. If Harris

is convicted, then after he has presented his claims to the Indiana Supreme Court, he may return to this Court and file another habeas corpus petition challenging the conviction.

Finally, pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained, Harris has not yet been convicted and federal habeas corpus is not the proper means of asserting his defenses to the charges he is facing in State court. Nothing before me suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage this case to proceed further. Accordingly, I decline to issue a certificate of appealability.

For the foregoing reasons, the petition [DE 4] is **DENIED WITHOUT PREJUDICE** and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED**.

ENTERED: November 19, 2015

s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**